State ex rel. Widow Harper vs. The Judges of the Court of Appeals.

No. 8118.

THE STATE OF LOUISIANA EX REL. WIDOW HARPER VS. THE JUDGES OF THE
COURT OF APPEALS FOR THE PARISH OF ORLEANS.

The Courts of Appeals are, under Article 90 of the Constitution, amenable to the super-
visory authority and power of the Supreme Court, like all the other tribunals of the
State, and, in that respect and for that purpose, they are *inferior* Courts.

The Court of Appeals for the Parish of Orleans has jurisdiction of cases in which the
amount involved is exactly $1000, exclusive of interest.

APPLICATION for a *Mandamus*.

*W. S. Benedict* for the Relatrix.

*W. H. Rogers* and *Frank McGloin*, Judges of the Court of Appeals
for the parish of Orleans, Respondents, for themselves.

*E. E. Moïse, Amicus curiæ*, on the side of the Respondents.

The opinion of the Court was delivered by

BERMUDEZ, C. J. This is an application for a *mandamus* to compel
the Judges of the Court of Appeals for the parish of Orleans to enter-
tain jurisdiction of, and determine a case in which the amount involved
is *exactly one thousand dollars*, exclusive of interest, which was removed
from this to that court, to be " there disposed of according to law," and
which the respondents, considering that it does not appertain to their
jurisdiction, have refused to try and have stricken from their docket.

The elaborate, learned and argumentative return made by the respon-
dents, in justification of their conduct, draws in question *both* the juris-
diction of this Court over the Court of Appeals, in the parish of Orleans,
under Article 90 of the Constitution, and the correctness of the ruling
of this Court referring the cause to them for trial and decision.

I.

It is claimed that the Court of Appeals for the parish of Orleans is not
an *inferior* court, but that it is an appellate tribunal, whose jurisdiction
is " superior or supreme and final " in all matters legitimately within its
compass. It is further urged that, as this Court has no appellate juris-
diction over said Court of Appeals, it cannot issue any *mandamus* or
other remedial writ to it.

The Constitution of 1879 expressly provides, that the judicial power
shall be vested in a Supreme Court, in District Courts, in Courts of Ap-
peals, in city courts and in justices of the peace. Art. 80.

The Constitution, Art. 90, distinctly provides, that " the Supreme
Court shall have control and general supervision over all inferior courts.
They shall have power to issue writs of certiorari, prohibition, *man-
damus*, quo warranto, and other remedial writs."

State ex rel. Widow Harper vs. The Judges of the Court of Appeals.

If the Court of Appeals for the parish of Orleans, viewed from the standpoint from which the framers of the Constitution have considered Courts of Appeals generally, itself included, be not an inferior court, compared to the Supreme Court of the State, to which article 90 refers, the necessary and irresistible consequence is, that its jurisdiction surpasses or equals that of this Court.

We do not understand our learned brothers to mean that the court, which has the honor of being presided over by them, is clothed with power to review, as an appellate court, the rulings of this Court, in cases determined by it, (not even in the *instant* case); or to adjudicate, as a court of concurrent jurisdiction, upon matters which, under articles 81, 90 and others of the Constitution, fall within the sphere in which the authority of this Court can be exercised.

If, then, the Court of Appeals for the parish of Orleans be neither superior nor equal, the unavoidable inference is, that it is inferior to this Court. There is no middle ground to stand upon that we can discover.

That court, no doubt, is an *appellate* tribunal, whose jurisdiction is " superior or supreme and final " in all cases coming to it, on appeal from the District Courts, and in which the matter in dispute exceeds two hundred but not one thousand dollars, exclusive of interest; but in that respect and in those cases *only* is it such.

It is anomalous, however, that District Courts, which can adjudicate in legal controversies in which millions may be involved, must be undisputably considered as inferior courts, while courts whose jurisdiction is limited to one thousand dollars, must be recognized as courts of " superior or supreme and final " jurisdiction; but this only serves to show that the superiority, or supremacy, or inferiority of said courts, is confined to themselves, and is of a purely relative character.

Courts of Appeal are undoubtedly " superior or supreme," when they exercise their appellate jurisdiction in cases coming to them on appeal from the District Courts. They can, in aid of such jurisdiction, issue to the latter the necessary remedial writs, (Arts. 104, 128); but they cannot be considered such when compared to the Supreme Court, whose unequalled, and, therefore, unsurpassed appellate and supervisory jurisdiction extends over and embraces as well district as all the other courts known to the Constitution and to the laws of the State, which are *all* necessarily *inferior courts.*

The error in which the respondents have fallen is easily accounted for, when it is considered that they lay much stress to support their position on article 839 of the Code of Practice, which provides that " it is only the court which exercises appellate jurisdiction over an inferior court that can direct to the latter an order to perform any of the duties belonging to it." They have evidently been misled by the assumption

that this provision of law, notwithstanding article 90 of the Constitution, shackles our supervisory jurisdiction.

If it were true that this Court was not vested with supervisory jurisdiction over Courts of Appeal, because it has no appellate jurisdiction over them, the same would be equally true, for the same reason, as to District Courts, in cases in which the matter in dispute would be more than one hundred and less than two hundred dollars, as to city courts, as to justices of the peace, as to committing magistrates; and the supervisory control and jurisdiction of this Court, instead of being "*general*" over *all*, would be *special*, and restricted to some inferior courts in those cases only in which it would have appellate jurisdiction; then it would possess and exercise no greater powers than were held by the Supreme Courts which preceded it; and article 90, which was designed to expand its jurisdiction to cases over which the previous courts were powerless to prevent denial of justice or usurpations of authority, would be a superfluity incorporated to no purpose in the organic law, and should be obliterated; then this Court would have exceeded the bounds of its jurisdiction in the already numerous cases, in which it has exercised that supervisory control and general power. 32 An. 552, 549, 774, 719.

We cannot yield to such conclusions.

Although it should not be, and is not, claimed that article 839 C. P. was *absolutely* abrogated by the Constitution, it must nevertheless be considered as inoperative whenever it comes in conflict with article 90, to which it cannot prove obnoxious.

In an analogous case, 32 An. 552, we have considered that question, and have decided that this constitutional provision had emancipated this Court from the restraints placed upon the powers of the former Supreme Courts, which had *appellate* jurisdiction *only*, to issue remedial writs to inferior courts, and that this Court has authority now to issue such writs in all cases covered by the Code of Practice.

Acting in the sound exercise of the general supervisory power clearly vested in us by article 90, we have in several cases, after grave deliberation, entertained jurisdiction under it, refusing or granting remedial writs to inferior judicial officers. 32 An. 549, 553, 719, 774 and others not yet reported.

In the case of the State ex rel. Cobb vs. Judges, 32 An. 774, we have issued a *mandamus* directing judges of a Court of Appeals to proceed to the trial and determination of cases which they supposed were to be decided by another tribunal, and we have the satisfaction of knowing that our mandate was acquiesced in and has been carried out.

All doubts on the question of our control and *general* supervision over *all* inferior courts, the Courts of Appeal included, must at once

vanish on the mere reading of article 200 of the Constitution, which provides : that "for any of the causes specified in article 196, judges of the Courts of Appeal, of the District Courts throughout the State, and of the city courts of the parish of Orleans, may be *removed* from office by judgment of the Supreme Court of this State, in a suit instituted by the Attorney General, or a district attorney, in the name of the State, on his relation."

If they were not *inferior* courts, how could the judges thereof be made amenable to the jurisdiction of this Court in such a case?

Act 122 of 1880.

## II.

It is manifest that by articles 81, 95, 128 and 129, the Constitution guarantees the right of appeal to two courts : where the matter in dispute exceeds two hundred, but not one thousand dollars, to the Court of Appeals ; where it exceeds one thousand dollars, indefinitely, to the Supreme Court.

We have reviewed our elaborate opinion in 32 An. 597, as well as the numerous authorities from which substantial extracts have been copiously embodied in the able return of our learned brothers, the respondents, and which had already received our attention, together with many others, to which we have referred when we first investigated and determined the vexed question which is again agitated.

We feel, after such review, more convinced of the correctness and propriety of our ruling, and, therefore, far from departing from it, we expressly now confirm it, trusting that the matter will henceforth be considered as well set at rest.

We have in four different cases decided that suits of the description of that before us could not be tried in this Court, but fell within the jurisdiction of the Court of Appeals for this parish and should be tried by it. 32 An. 597, 603 ; cases Nos. 6396, 7614 and 6299 of the docket of this Court.

Our decree transferring the cause in which the relatrix is concerned to the Court of Appeals of the parish of Orleans, " to be there disposed of according to law," was intentionally couched in unambiguous and comprehensive language, so as to be ample authority for further proceedings by that court in that case and in similar cases.

We can well appreciate the conscientious scruples of our learned brethren, which reflect creditably upon them; the more so, as in advance of any determination of the issue before us, they have, in that honorable spirit of conciliation and harmony which should always animate and characterize those to whom the law of the land has entrusted the grave responsibility of the administration of justice, felicitously announced their willingness and readiness to conform with our views with-

out unnecessary delay. We trust that when so doing, under the express mandate of this Court, the responsibility of which rests upon us and which leaves no further discretion, the consciences of our brethren, far from disquieting, will justify them in the fulfilment of the duties thus declared to be imposed upon them.

We think that the remedy sought should be allowed.

It is, therefore, ordered that the alternative *mandàmus* herein issued be made peremptory, and, accordingly, that the respondents do reinstate the case mentioned on their docket, and do proceed to try and determine the same in all respects as the law provides.

Levy, J., absent.